CLAUDIUS BUSTARD *v.* JOHN B. DABNEY, ADM'R, AND THE HEIRS OF OLIVER FOWLER, DECEASED.

Bill in equity to subject the real estate of a decedent in Ohio, where the heirs and representatives reside in another state, and where no letters of ad-ministration have been taken in Ohio, can not be sustained. The creditor may himself take letters of administration, and thus have complete remedy at law.

THIS was a suit in chancery, adjourned here for decision from the county of Clermont. The bill charges that Oliver Fowler died indebted to complainant; that he left a will, which was duly proven and recorded in the State of Virginia, where he died; that admin-istration, with the will annexed, was granted to John B. Dabney,

who assumed the execution of said trust; that complainant brought suit against him in the county court of Campbell county, Virginia, and at the November term of said court, in the year 1825, re-covered a judgment against him for two thousand and seventy-six dollars seventy-four cents, and six per cent. per annum inter-est on two thousand dollars of said sum, from July 11, 1821, and on seventy-one dollars ninety-one cents, from April 27, 1822, and costs of suit. The bill further alleges that no part of said judg-ment has been paid, and that the administrator has no assets in his hands out of which to pay it. The bill then charges, that the de-cedent or testator died seized of certain tracts of land in the county of Clermont, describing them, and which are particularly described by the survey. The bill makes the administrator, widow, and heirs, parties, and prays that the lands may be sold to pay this debt and costs. The defendants are all non-residents. The infant heirs who are defendants, have filed their answer by Thomas Mor-ris, their guardian *ad litem.* All the other defendants have failed to answer, and are in default.

BENHAM, for complainant:

The complainant insists that he is remediless at law; that he could neither attach the land, nor could he or any other person administer upon it. Administration in this state, can *only [69 be granted upon the estates of persons who die intestate. Here the person left a will, etc.

But if the complainant, as a creditor, could administer, he is not bound to do it; it is a trust the law compels no man to assume, *nolens volens.* Chancery jurisdiction is never denied upon the ground that there is a remedy at law unless that remedy be plain and direct.

Here there can be no remedy at law in the direct and ordinary way; no process can be served upon the administrator, or upon the heirs, as they all reside in the State of Virginia.

But the subject matter of the suit is trust and confidence. Since the time of Lord North courts of equity in England have decreed the distribution of assets. 1 Term, 134. By the laws of Ohio lands are *sub modo* assets for the payment of debts, the descent is cast *cum onere.* Equity jurisdiction, in cases of this kind, is enter-tained upon the principle that it belongs to courts of equity to en-force the execution of trusts. They will always see that the prop.

·erty of a decedent is applied in payment of his debts and legacies, as the will directs; and in cases of intestacy, according to the ·statute of distribution. 1 Mad. Ch. 466, 468, 469; 2 P. Wms. 211; .3 Atk. 527; 4 Ves. 607; 7 Ves. 197, 452. Lord Redesdale says the jurisdiction of the court not only extends to the trustee, who ·is rightfully possessed of the property, but to all persons who come into the possession of the property with notice of the trust. 1 Sho. & Lef. 262.

A creditor may file a bill against the ·administrator to compel .administration of assets, as the cases above cited abundantly show.

In 4 Mum. 289, it is decided that a court of equity, where there ·is no executor or administrator, or where process can not be served at law, will settle a claim against the estate, and if necessary, at .the same time compel the sureties of the administrator to account .for his *devastavit.* *Vide* also 3 Mum. 194.

In this case the claim has been established at law, and no plea .would be admissible in an action upon this record but *nul tiel* record. 70] *The doctrine now contended for is fully recognized, and all the cases reviewed by Chancellor Kent, in 4 Johns. Ch. 619, in point.

If the heirs of the testator were within reach of the process of ·our law, they could be made parties to this judgment by *scire facias*, and the lands which they hold by descent subjected to its ·payment.

If it be said that this proceeding may operate severely upon other creditors, I answer, *vigilantibus non dormientibus leges subve-.nient*, and that the hardship might be equally great, under a pro-ceeding against the heirs by *scire facias*, or in a proceeding by at-.tachment.

No argument was submitted on the other side.

Opinion of the court, by Judge HITCHCOCK:

In all cases where application is made for the extraordinary in-·terposition of a court of chancery, in granting relief, the first in-quiry which presents itself is, whether the complainant has plain, complete, and adequate remedy at law. If he has such remedy, he must seek it through the courts at law. It is not sufficient for him to show that he is entitled to redress; he must show that he is entitled to it in the manner and in the court in which he seeks to ·obtain it.

Bustard *v.* Dabney, Adm'r, et al.

Our laws are different from those of England, and some of **our** sister states, on the subject of the settlement of estates. The only privileged debts with us are those contracted in the last sickness of a decedent and for funeral charges. All others are to be paid in equal proportion. To adopt any course of proceeding which would interfere with this principle, would have a tendency to defeat the policy of the law.

By the constitution itself, the court of common pleas is vested with the "jurisdiction of all probate and testamentary matters, granting administration, the appointment of guardians," etc. Art. 3, sec. 5. Every legislative provision which is necessary, has been made for the settlement of estates. The rights of creditors, as well as others interested, are well secured. Section 1 of the act "defining the duties of executors and administrators," 22 Statute *Laws, 125, prescribes the duty of the court of com-  [**71** mon pleas in the appointment of administrators, where any resident of the state may die intestate. If the widow, or next of kin, will not accept the trust, then any creditor of the intestate, who will apply, may be appointed. Provision is made in the same law, directing the course to be pursued, should a will subsequently be discovered and proved in court. From such time the powers of the administrator must cease, but his acts previously performed are obligatory. Section 24 of the same act provides for the appointment of administrators upon the estate of such persons as shall die leaving no property, real or personal, within the state, such person not having been a resident of the state. And further, that the same "rules and regulations" shall govern as in other cases.

Pursuing the provisions of this law, the complainant has complete and adequate remedy. He *is* a "creditor," and, if no other person will do it, may take letters of administration. His interest would be as well secured by adopting the course prescribed by this statute, as it would be were the court to sustain the present bill. Should the bill be sustained, the court would give the complainant no advantage over the other creditors, but would see that the avails of the property was distributed among them in proportion to their several demands. In making a distribution we should look to, and be governed by, the general law for the settlement of estates.

It has been urged in this case that the decedent left a will, and of course that it would be improper to apply for letters of administra-

tion. This circumstance, however, can be no objection. Unless
the will is produced, the court of common pleas of the county
where the lands lie has an undoubted right, and is, upon applica-
tion, bound to grant letters of administration. If the will be pro-
duced, then letters may be granted, with the will annexed. In
either event the complainant secures his object of subjecting the
lands to the payment of debts.

It is further urged that the complainant, being a creditor, al-
though he *might* take letters of administration, still is not bound
to do it. True he is not. The law will not compel him to assume
72] the trust. But when the law has provided a *"plain and di-
rect" remedy, this court will not interfere to give the complain-
ant a different one merely to gratify his caprice. He may either
accept the remedy prescribed or abandon his claim.

If there were no remedy at law this court would not hesitate to
take jurisdiction, but inasmuch as there is, the bill must be dis-
missed with costs.